**Vincent Lee BRIENZA, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–854.**

United States Court of Veterans Appeals.

Submitted Feb. 27, 1992.

Decided July 10, 1992.

Ronald L. Smith, Washington, D.C., was on the pleadings, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Associate Judges.

FARLEY, Associate Judge:

On August 17, 1990, the Court received appellant's Notice of Appeal (NOA) of a decision of the Board of Veterans' Appeals (BVA) dated May 23, 1990. On April 22, 1991, appellant asked the Court to stay the appeal because the BVA had decided to reconsider its decision. Following a number of stays and extensions, on January 30, 1992, the Court ordered appellant to show cause why this appeal should not be dismissed in view of the fact that the BVA had granted his request for reconsideration. On February 18, 1992, appellant responded to the Court's order to show cause and submitted copies of documents from the appellant's claims folder.

From a review of the record before the Court it is readily apparent that the BVA was requested to, and in fact did, commence reconsideration of its May 23, 1990, decision prior to the filing of the NOA on August 17, 1990. *See, e.g.,* letter of June 27, 1990, from BVA Chairman Eaton to Congressman Skaggs advising that appellant's claims folder had been recalled for the Chairman's review; letter of August 9, 1990, from Disabled American Veterans National Service Officer Gustin to Chairman Eaton "in support of the veteran's request for reconsideration of June 27, 1990."

In view of our holding in *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991), that "the finality of the initial BVA decision is abated" when there is a motion for BVA reconsideration filed during the 120–day judicial appeal period, we conclude that the original BVA decision of May 23, 1990, was rendered a nullity by the request for BVA reconsideration. It necessarily follows that the subsequently filed NOA of that decision was also a nullity and the appeal must be dismissed.

The record also serves to document that on August 14, 1991, the BVA issued a decision on reconsideration by an expanded panel. On September 4, 1991, an NOA of that decision was "received" by the Clerk of the Court but was neither entered in the docket sheet nor filed in the pending appeal. Turning again to *Rosler*, we note that "the 120–day appeal period as to that reconsidered BVA decision commences on the day that notice of the decision of an

expanded section of the BVA is mailed to the claimant." *Id.* at 249.

Since the second NOA was received within 120 days of the reconsideration decision of August 14, 1991, it was timely and the Court has jurisdiction over the appeal of the reconsideration decision. Accordingly, the Clerk is directed to file the NOA "received" by the Court on September 4, 1991; the new appeal will proceed in the normal course under the Rules of Practice and Procedure of this Court.

*It is so Ordered.*